UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BAHIG BISHAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action No. |
| v. ) | 24-11848-FDS |
| ) | |
| TOWN OF SHARON, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### ORDER OF DISMISSAL

**SAYLOR, C.J.**

On July 26, 2024, plaintiff Bahig Bishay initiated this action by filing a self-prepared complaint against the Town of Sharon, its town administrator and finance director, and an attorney that represented the Town of Sharon.[1] Plaintiff paid the filing fee and also filed a motion or leave to file electronically.

The Court's records indicate that plaintiff has filed more than a dozen actions in this district, all of which have been dismissed for lack of merit. On April 5, 2023, plaintiff was enjoined in the United States District Court for the District of Columbia "from filing any civil action in this or any other federal court without first obtaining leave of that court." Mem. & Order (the "Injunction"), *Bishay, et al. v. Harris, et al*, No. 21-01831-(TNM), 2023 WL 2784840 (D.D.C. Apr. 5, 2023), *aff'd Bishay v. Harris*, 2023 WL 6784306 (Oct. 6, 2023). The Injunction

---

[1] The complete title of Bishay's complaint is "verified complaint for fraud; civil conspiracy; violations of civil / constitutional rights under, *inter alia*, 42 U.S.C. §§ 1983 & 1985(3); violation of the taking clause within the *Fifth Amendment* to the U.S. Constitution; for declaratory & monetary." (emphasis in original).

further provided that "[i]n seeking leave to file, he must certify that the claim or claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court." *Bishay*, 2023 WL 2784840 at *3.  Plaintiff was also required to "certify that the claim or claims are not frivolous or levied in bad faith"; caption the motion "Application Pursuant to Court Order Seeking Leave to File"; and "either cite or affix" a copy of the order to the motion. *Id.*  Finally, he was warned that "[f]ailure to comply strictly with the terms of this injunction will be sufficient grounds for denying leave to file or other sanctions." *Id.*

Despite the Injunction, Bishay filed the present complaint without complying with the court order.  Furthermore, as this Court ruled in *Bishay v Town of Sharon, et al.*, No. 23-12094-FDS, the claims against the defendants in his complaint are time-barred.

Plaintiff now contends, among other things, that (1) he can bring suit challenging the tax foreclosure of his property based on the Supreme Court's decision in *Tyler v Hennepin County, Minnesota*, 598 U.S. 631 (2023), and (2) the Court can use its equitable power to permit an action concerning a fraudulent transfer of land.  To the extent plaintiff relies on *Tyler*, a new or changed interpretation of federal law in civil cases is generally given retroactive effect for cases still open and on direct review.  *Harper v Va. Dep't of Tax'n*, 509 U.S 86, 97 (1993) ("When [the Supreme] Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the Supreme Court's] announcement of the rule").  Here, plaintiff's litigation against the Town of Sharon concluded years ago, and there is no basis not to apply the general rule of retroactivity to this matter.

Additionally, the Court finds that Bishay's claims are frivolous. Federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). Those powers include the power to dismiss frivolous or malicious actions, regardless of the status of the filing fee. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985). As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff. *Axcella Bldg. Realty Tr. v. Thompson*, No. 23-40151-DHH, 2024 WL 474539, at n. 2 (D. Mass. Jan. 25, 2024). "Rather, in legal parlance, a complaint is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

Accordingly, this action is hereby dismissed for failure to comply with the terms of the order dated April 5, 2023, issued by the United States District Court for the District of Columbia, and as frivolous.

**So Ordered.**

/s/ F. Dennis Saylor IV<br>
F. Dennis Saylor IV<br>
Chief Judge, United States District Court

Dated: September 16, 2024